IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| | ) | Case No. 12 CR 842 |
| v. | ) | |
| | ) | |
| STEVEN MANDELL | ) | |

**MEMORANDUM OPINION AND ORDER**

AMY J. ST. EVE, District Court Judge:

Defendant Steve Mandell is charged in an eight-count Superseding Indictment. In advance of trial, the government has filed various motions in limine[1]. For the reasons discussed below, the government's motions are granted without objection.

**BACKGROUND**

On November 1, 2012, a grand jury returned an Indictment against Steven Mandell and his co-defendant, Gary Engel, charging two counts of extortion under 18 U.S.C. § 1951(a). (R. 13.) The Court subsequently granted the government's motion to dismiss co-defendant Gary Engel from the indictment after he was found dead in his prison cell. (R. 24.)

On March 21, 2013, a grand jury returned an eight-count Superseding Indictment against Defendant. (R. 38, Sup. Ind.) The Superseding Indictment charges Defendant with conspiracy to commit kidnapping, in violation of 18 U.S.C. § 1201, (Count I); conspiracy and attempted extortion, in violation of 18 U.S.C. § 1951 (Counts Two and Three); possessing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c) (Count Four); being a felon

---

[1] The Court will address the government's motion to preclude cross examination on certain matters in a separate opinion.

1

in possession of a firearm, in violation of 18 U.S.C. § 922(g) (Count Five); obstruction of justice, in violation of 18 U.S.C. § 1512 (Count Six); and murder-for-hire, in violation of 18 U.S.C. § 1958(a) (Counts Seven and Eight).

Count One charges Mr. Mandell with a conspiracy to extort Victim One. It alleges an elaborate scheme in which Defendant and co-conspirator Engel agreed to pose as police officers and arrest Victim One, take him to a designated location, torture and extort him, murder Victim One, and then chop Victim One's body into pieces. It specifically alleges that Defendant intended to use threats of force to get Victim One to disclose where he kept bulk cash in his residence so Mandell could steal it, and to execute legal documents that would transfer the ownership of certain real estate from Victim One to Defendant Mandell. Counts Two and Three charge Defendant with extortion and attempted extortion in connection with this conduct targeting Victim One on October 25, 2012.

Count Four charges Defendant Mandell with knowingly possessing a firearm in furtherance of a crime of violence. Count Five charges Defendant with being a felon in possession of a firearm, namely, a Ruger .22 caliber pistol.

Count Six charges Defendant Mandell with obstruction of justice, stemming from his alleged use of the telephone and mail privileges after his initial court appearance on October 26, 2012. (*Id*. at 5.) Counts Seven and Eight charge Defendant Mandell with murder-for-hire. These counts "concern Mandell's participation in the planned murder of a second victim" so that Mr. Mandell could take control of the revenues from an adult entertainment club. (*Id*. at 18.)

**LEGAL STANDARD**

Trial courts have broad discretion in ruling on evidentiary issues before trial. *See Jenkins v. Chrysler Motors Corp.,* 316 F.3d 663, 664 (7th Cir. 2002); *United States v. Lillie,* No. 08 CR 717, 2009 WL 3518157, at *1 (N.D. Ill. Oct. 28, 2009). "Trial courts issue rulings on motions in limine to guide the parties on what evidence it will admit later in trial." *Perry v. City of Chicago*, 733 F.3d 248, 252 (7th Cir. 2013). Accordingly, "[a]lthough the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States,* 469 U.S. 38, 41 n.4, 105 S. Ct. 460, 83 L. Ed. 2d 443 (1984). An *in limine* ruling avoids delays and allows the parties an opportunity to prepare themselves and witnesses for the introduction or exclusion of the evidence at issue. *See Wilson v. Williams,* 182 F.3d 562, 566 (7th Cir. 1999); *Jonasson v. Lutheran Child & Family Servs.,* 115 F.3d 436, 440 (7th Cir. 1997) ("The prudent use of the *in limine* motion sharpens the focus of later trial proceedings and permits the parties to focus their preparation on those matters that will be considered by the jury."); *United States v. Connelly,* 874 F.2d 412, 416 (7th Cir. 1989). Ultimately, an *in limine* motion "performs a gatekeeping function and permits the trial judge to eliminate from further consideration evidentiary submissions that clearly ought not be presented to the jury because they clearly would be inadmissible for any purpose." *Jonasson,* 115 F.3d at 440.

A party seeking to exclude evidence has the burden of demonstrating that the evidence is inadmissible for any purpose. *United States v Brown,* No. 08-cr-1009, 2011 WL 43048, at *2 (N.D. Ill. Jan. 6, 2011). Regardless of a court's initial ruling on an *in limine* motion, the court may adjust its ruling during the course of the trial. *See Farfaras v. Citizens Bank & Tr. of Chicago,* 433 F.3d 558, 565 (7th Cir. 2006) (citing *Luce,* 469 U.S. at 41-42). *Perry*, 733 F.3d at

252 ("As a trial progresses, the presiding judge remains free to alter earlier rulings."). Furthermore, the court may defer ruling on a motion *in limine* until trial if the parties' arguments "cannot be evaluated accurately or sufficiently . . . in such a procedural environment." *Jonasson,* 115 F.3d at 440.

## ANALYSIS

### I. Motion to Exclude Evidence or Argument Designed to Elicit Jury Nullification

The government moves to preclude Defendant from arguing or presenting evidence designed to invite jury nullification. Specifically, the government seeks to preclude argument or evidence in the following areas: 1) the penalties Defendant faces or the impact on his family of his conviction; 2) claims of selective or vindictive prosecution or "outrageous government conduct"; and 3) the motivation for investigating or prosecuting the case.

Jury nullification occurs when a jury ignores the evidence and the court's instructions on the law and acquits a criminal defendant whom the government has proven guilty beyond a reasonable doubt. *See United States v. Mcknight*, 671 F.3d 664, 665 (7th Cir. 2012) (describing evidence or argument that would be likely in the government's view "incline the jury to acquit the defendant even if his guilt had been proved beyond a reasonable doubt" as "jury nullification"). The Seventh Circuit has recognized that jury nullification is "a legitimate concern of prosecutors because acquittals cannot be appealed." *Id.* "Neither the court nor counsel should encourage jurors to exercise [nullification] power" and the courts preclude counsel from any attempts to present evidence or argument of nullification. *United States v. Perez,* 86 F.3d 735, 736 (7th Cir. 1996).

### A. References to Penalties or Impact on Defendant's Family

The government has moved in limine to preclude Defendant from introducing evidence or arguing to the jury the potential penalties he faces if convicted. Defendant does not object to the motion. The Court therefore grants this motion in limine without objection.

The Seventh Circuit has made clear that "the practice of informing juries about the sentencing consequences of their verdicts is strongly disfavored." *United States v. Lewis*, 110 F.3d 417, 422 (7th Cir. 1997). As noted by the Supreme Court, unless a jury has a role in sentencing, such as in capital sentencing proceedings, jurors should not consider a defendant's potential sentence when determining guilt or innocence. *Shannon v. United States,* 512 U.S. 573, 579, 114 S. Ct. 2419, 129 L. Ed. 2d 459 (1994) ("when a jury has no sentencing function, it should be admonished to reach its verdict without regard to what sentence might be imposed") (citations and quotations omitted). Accordingly, Defendant may not mention the potential penalties he faces because such penalties are irrelevant to the jury's determination of his guilt or innocence. *See United States v. Andreas,* 23 F. Supp. 2d 835, 852 (N.D. Ill. 1998) ("As a matter of law, potential penalties are irrelevant as to guilt and thus are inadmissible.")

This ruling does not, however, preclude Defendant from fully cross-examining any cooperators or government witnesses about penalties that such witnesses may face and benefits they have received from the government, including whether they were immunized or promised leniency.

### B. Selective or Vindictive Prosecution or Outrageous Government Conduct

"A selective-prosecution claim is not a defense on the merits to the criminal charge itself, but an independent assertion that the prosecutor has brought the charge for reasons forbidden by the Constitution." *United States v. Armstrong*, 517 U.S. 456, 463 (1996). Similarly, the Seventh

Circuit has made clear that "[o]utrageous government conduct is not a defense in this circuit." *United States v. Stallworth*, 656 F.3d 721, 730 (7th Cir. 2011), citing *United States v. White*, 519 F.3d 342, 346 (7th Cir.2008). Defendant does not object to this aspect of the motion[2]. Accordingly, it is granted.

### C. Motivation for Investigating or Prosecuting This Case

The government requests that the Court preclude Defendant from admitting evidence or argument concerning, or otherwise referring to, the government's motivation for engaging in the investigation and prosecution of the defendant. Defendant does not object. This aspect of the motion is granted. *See United States v. Rainone,* No. 09–CR–206, 2013 WL 389004 at *1000 (N.D. Ill. Jan.13, 2013) (precluding evidence regarding the Government's motivation for prosecuting the case).

## II. Motion to Preclude Requests for and Comments About Discovery in the Presence of the Jury

The government moves the Court to preclude defense counsel from requesting discovery from witnesses or counsel, moving the Court for such discovery, or otherwise commenting on discovery matters in the presence of the jury. Defendant does not object to this aspect of the motion. Indeed, requesting discovery and commenting on discovery matters in the presence of the jury is inappropriate. *See, e.g., United States v. Brown,* No. 08-cr-1009, 2011 WL 43038, at *15 (N.D. Ill. Jan. 6, 2011); *United States v. Azteca Supply Co.,* No. 10 CR 80, 2010 WL 4962828, at *9 (N.D. Ill. Dec. 1, 2010). The Court, therefore, grants the government's motion without objection. Neither side may make such comments or arguments in front of the jury. The parties should raise any discovery matters with the Court outside the presence of the jury.

---

[2] Defendant previously agreed not to introduce any evidence or argument regarding selective prosecution or government misconduct based on a 2002 lawsuit. (R. 125.)

**III.     Motion to Preclude Comments Regarding Evidentiary Rulings**

The government also moves in limine to preclude Defendant from commenting on the Court's evidentiary rulings in front of the jury. Defendant does not object to this aspect of the motion. As Defendant correctly notes, "four highly professional attorneys" are trying this case. Neither side may comment on the Court's evidentiary rulings, including any evidence the Court excluded from admission at trial, in front of the jury. If either side needs to raise an issue pertaining to the Court's evidentiary rulings, the Court will address it outside the presence of the jury.

**IV.     Motion to Exclude Evidence and Argument Concerning Lawfulness and Non-Corrupt Conduct**

The government moves the Court to preclude Defendant from presenting evidence of, or making reference to, Defendant's lawfulness, non-corrupt conduct, and prior good acts, except reputation or opinion evidence offered by character witnesses strictly in accord with the limitations of Rule 405(a). Indeed, "[e]vidence that a defendant acted lawfully on other occasions is generally inadmissible to prove he acted lawfully on the occasion alleged in the indictment." *United States v.* Reese, 666 F.3d 1007, 1020 (7th Cir. 2012) (citing *United Sates v. Heideke*, 900 F.2d 1155, 1162 (7th Cir. 1990).

Under Rule 405(a), if a person's character or character trait is admissible, the parties may present evidence of that character or trait through reputation or opinion testimony. Fed. R. Evid. 405(a). The parties generally cannot present evidence of specific instances of the person's conduct to prove his or her character, but Rule 405(b) provides an exception to this general rule. Under Rule 405(b), "[w]hen a person's character or character trait is an essential element of a charge, claim, or defense, the character or trait may also be proved by relevant specific instances of the person's conduct." Fed. R. Evid. 405(b).

Defendant acknowledges that he does not intend to introduce evidence of lawfulness. If Defendant changes his position during trial, he will raise the issue with the Court outside the presence of the jury. This aspect of the government's motion is granted without objection and without prejudice.

## V. Allegations of Witness Wrongdoing Not Involving Dishonesty

Rule 608(b) provides as follows:

> Except for a criminal conviction under Rule 609, extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness. But the court may, on cross-examination, allow them to be inquired into if they are probative of the character for truthfulness or untruthfulness of:
>
> **(1)** the witness; or
>
> **(2)** another witness whose character the witness being cross-examined has testified about.

Fed.R.Evid. 608(b). The government seeks to have Defendant identity any prior "bad acts" under this Rule that he intends to use in cross examining a particular witness "and demonstrate how that conduct is probative of truthfulness, before propounding questions about the same." Defendant does not object to this aspect of the motion and has set forth various areas in his response[3]. Defense counsel has also agreed to inform the Court at sidebar of other areas that arise during the course of the trial. Accordingly, this aspect of the motion is granted without objection.

## VI. Arguments Regarding Missing Witnesses

The government next argues that the Court should prohibit Defendant from raising arguments about a missing witness who is not under the control of either party. It asks the Court to preclude Defendant from introducing evidence or arguments that any relevant inference can be

---

[3] The Court will address the Rule 608(b) issues in a separate opinion.

drawn from the fact that additional witness did not testify at trial. Defendant agrees that he will first raise this issue with the Court outside the presence of the jury if it arises. The Court therefore grants this aspect of the motion without objection and without prejudice.

VII.  **Evidence or Arguments Alleging Alibi, Necessity, Coercion, Unavailability, or Mental Defect**

Federal Rule of Criminal Procedure 12.1 requires a defendant to provide the government with notice of any alibi or similar defense. Fed.R.Crim.Pro. 12.1. The Rule specifically provides that "If a party fails to comply with this rule, the court may exclude the testimony of any undisclosed witness regarding the defendant's alibi. This rule does not limit the defendant's right to testify." Federal Rule of Criminal Procedure 12.2 requires a defendant to provide notice of a mental disease or defect or a mental condition bearing on the issue of guilt. Fed.R.Crim.Pro. 12.2. Defendant has not filed any such notice. In addition, defense counsel acknowledges that they are "aware of the requirements of the rule." Accordingly, the government's motion is granted.

## CONCLUSION

The government's consolidated motions in limine are granted without objection.

**DATED:  January 27, 2014**                    **ENTERED**

_____
AMY J. ST. EVE
U.S. District Court Judge